IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL WHITE | : | CIVIL ACTION |
| v. | : | |
| CAMDEN BOARD OF ED., et al. | : | NO. 12-0146 |



M E M O R A N D U M

MCLAUGHLIN, J.                      AUGUST 30, 2012

By Order of this Court dated August 3, 2012, plaintiff was given leave to file a second amended complaint to provide the Court with more information about her claims. For the reasons which follow, plaintiff's amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

Plaintiff's amended complaint consists of a recitation of events that appear to have begun after she received a decision on her appeal to the United States Court of Appeals for the Third Circuit (C.A. No. 03-1915). The Supreme Court has held that civil rights claims are most analogous to common law tort actions, and are subject to the state statute of limitations for personal injury actions. See Owens v. Okure, 488 U.S. 235 (1989). The Pennsylvania statute of limitations on a personal injury action is two years. See 42 Pa. Cons. Stat. Ann. § 5524. Plaintiff filed this civil action on January 12, 2012. Therefore, she is now time barred from raising claims that occurred prior to January 12, 2010.

In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived her of her constitutional rights. West v. Atkins,

487 U.S. 42 (1988).  During the period of time within the statute of limitations, plaintiff alleges that individuals have driven by her and stared at her, and she has received several hang up phone calls.  These allegations do not support a finding that any of the defendants has violated plaintiff's constitutional rights.